

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Henry C. Kyle
County Attorney
Hays County
San Marcos, Texas

Dear Mr. Kyle:          Opinion No. O-4965
                        Re: Validity of the rule of
                            the Board of Trustees of
                            the San Marcos Independent
                            School District suspend-
                            ing for the current year
                            a student who marries.

        Your letter requesting an opinion of this
department on the above captioned subject has been received
from which we quote, in part, as follows:

        "A number of years ago the Trustees
    of the San Marcos Independent School District
    adopted a rule authorizing the suspension for
    the current school year of any student in the
    public schools who should marry. Under authori-
    ty of that rule a girl, who was born October 16,
    1925, was suspended from the local High School
    on her marriage. It is contended that such a rule
    authorizing the suspension of a student on marriage
    is unreasonable."

        Your question is as follows:

        Is the rule of the Board of Trustees of the
San Marcos Independent School District suspending for the
current school year a student who marries reasonable and valid?

        In your letter you cite the applicable Texas
statutes and also a number of cases decided by the courts of
this State sustaining various rules established by school
boards for the government of the school and for the discipline

of the student body. The case of McLeod et al v. Trustees, et al, 122 So. 737, referred to in your letter clearly holds that a rule established by school authorities such as the rule in question is unreasonable and invalid. The opinion is by the Supreme Court of Mississippi and while it is persuasive, it is, of course, not binding in this state.

Our courts hold that school authorities have a broad discretion in promulgating rules for the government of schools and discipline of students, and it is generally held that the wisdom and expediency of a rule established by school boards for the conduct of the school is entirely within the judgment and discretion of such boards and will not be disturbed by the courts unless it clearly appears that the rule is arbitrary and unreasonable.

It will be observed that under Article 2904, R. C. S., that the authority of the school board to suspend a student from the privileges of the school for the current school year is limited to incorrigible conduct on the part of the student.

Since marriage is a domestic relation favored by the law, it is our opinion that a rule established by a school board suspending a student for no other reason than that the student marries would, as a matter of law, be an unreasonable one and an abuse of discretion on the part of the school board, if not against public policy.

It is thought that the opinion of the court in the case of McLeod, supra, is sound and should control our answer to your question. Therefore, we think that your question should be, and it is, answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      E. P. Price
            Assistant

EPP"BT

APPROVED DEC 3, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS